**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALI MEHDIPOUR,

     Plaintiff-Appellant,

v.

JAMES S. MATTHEWS, JR., Private
Attorney; NANCY COATS, Judge,
individually and in her official
capacity as Oklahoma County District
Court Judge; NILES JACKSON,
Judge, individually and in his official
capacity as Oklahoma County District
Court Judge,

     Defendant-Appellees.

No. 01-6135
(D.C. No. 01-CV-214)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma state prisoner Ali Mehdipour brought the present pro se action under 42 U.S.C. § 1983. Mehdipour was the plaintiff in a prior real estate dispute, and he hired attorney James Matthews to represent him. Mehdipour later fired Matthews, retained new counsel, and prevailed in the real estate dispute before the Oklahoma Supreme Court. Meanwhile, Matthews obtained a judgment from Oklahoma County District Court Judge Nancy Coats for attorney's fees and costs, and, after judgment had been entered in Mehdipour's favor by the supreme court in the real estate dispute, Matthews successfully petitioned the county district court to add Matthews to the caption of Mehdipour's real estate action in order to assert his claim for attorney's fees against the judgment. Mehdipour responded by filing one suit before Oklahoma County District Court Judge Niles Jackson alleging that Matthews and Judge Coats had violated his rights, and a second suit before Judge Jackson alleging that Matthews had defrauded him. Each of these suits was dismissed, and Mehdipour brought the present § 1983 action against Matthews, Coats, and Jackson, alleging a conspiracy to deprive him of his property.

The court below dismissed Mehdipour's claims. It held that defendants Coats and Jackson were entitled to absolute judicial immunity because they had not acted "without any colorable claim of jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). It further held that defendant Matthews was not

subject to suit under § 1983 because Mehdipour had failed adequately to allege a conspiracy with state actors.  On appeal, Mehdipour conclusorily asserts that the state judges acted in the clear absence of all jurisdiction and contends that "it is difficult to plead with specific[ity] a conspiracy" in this case.[1]

We **AFFIRM** for substantially the reasons given by the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[1] Mehdipour argues on appeal that absolute judicial immunity does not apply to his claims for injunctive relief rather than damages.  The only injunctive relief sought by Mehdipour in his complaint was a declaratory judgment that the defendants had violated his rights.  However, "[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past."  Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995).